UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States<br><br>    Plaintiff,<br><br>-against-<br><br>John Porter<br><br>    Defendant. | 96-CR-515 (LAP)<br><br>MEMORANDUM AND ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

  Before the Court is Defendant John Porter's motion and accompanying letter to run his federal and state sentences concurrently[1] and the Government's letter response.[2] For the reasons set forth below, the Motion is granted.

  On June 23, 1999, John Porter was sentenced to 480 months—40 years—of confinement in federal prison by the Honorable Michael B. Mukasey, United States District Judge for the Southern District of New York. (See Def. Mot. Ex. A.) On August 13, 1999, Mr. Porter was sentenced by the State of New York to 240 months of imprisonment, to run concurrently with the federal sentence. (See Def. Mot. Exs. B and C.) Judge Mukasey issued an order on August 28, 1999 that the concurrent sentences would be served in federal prison. (See id.)

---

[1] (Letter dated February 1, 2025 ("Motion" or "Def. Mot.") [dkt. no. 791]; Letter dated January 12, 2025 ("Def. Letter") [dkt. no. 793].)
[2] (Letter dated March 13, 2025 ("Gov't Resp.") [dkt. no. 798].)

Despite this order, Mr. Porter was transferred back to state custody on May 18, 2000, where he remained until completing his state prison sentence on June 26, 2018.  (See Def. Mot. at 2.)  He has since been transferred back to federal custody on or around August 14, 2018, to complete his 480-month sentence and now requests that this Court issue an order for the sentences to run concurrently.  (Id.)

**I.    Background**

Mr. Porter was a founding member of a group known as the "Preacher Crew" or the "Family," whose members and associates engaged in crimes such as murder, assault, extortion, and narcotics trafficking, primarily in Harlem and the Bronx from around 1983 to 1996.  (See Presentence Investigation Report, dated June 15, 1999 ("PSR") ¶¶ 23-24, 29.)  Mr. Porter was involved in several murders, an armed robbery, and narcotics distribution, among other activities.  (See id. ¶¶ 29-35.)  Mr. Porter, and others, were charged with conspiring to and engaging in a pattern of racketeering activity, in violation of 18 U.S.C.§ 1962(c) and (d); conspiring to and committing violent crimes in aid of a racketeering enterprise, including murder in aid of racketeering (e.g., Counts 29 and 30), in violation of 18 U.S.C. § 1959(a)(1) and (5); and firearms and accessory charges in association with the racketeering charges.  (See S11 Indictment [dkt. no. 798-2].)

On March 26, 1999, Mr. Porter pled guilty before the Honorable Michael B. Mukasey, pursuant to a plea agreement, to Superseding Information S17 (see S17 Information [dkt. no. 798-3]), charging him with the following crimes: (i) one count of conspiracy to commit murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5) ("Count One"); (ii) one count of threatening to commit an act of violence in aid of racketeering, for threatening to kill employees during the department store robbery, in violation of 18 U.S.C. § 1959(a)(4) ("Count Two"); and (iii) two counts of using and carrying a firearm during in relation to crimes of violence, during the department store robbery and during the murder of Hayward Shine, in violation of 18 U.S.C. §§ 924(c) and 2 ("Count Three" and "Count Four," respectively). (See id.; Plea Transcript [dkt. no. 798-1] at 8:3-9:4.)

At Mr. Porter's sentencing hearing on June 23, 1999, Judge Mukasey imposed a total sentence of 480 months imprisonment: 120 months on Count One; 60 months on Counts Two; 60 months on Count Three; and 240 months on Count Four, each of which ran consecutively to one another. (See June 23, 1999 Judgment [dkt. no. 798-4]; Def. Mot. Ex. A.)

Mr. Porter was then transferred to state custody to resolve his state prosecution. (See Def. Mot. at 1.) There, he pled guilty to murder in the second degree. (See id.; Gov't Resp. at 2.) For this conviction, he was sentenced on August 13, 1999, in

3

New York County Supreme Court, to a term of imprisonment of 20 years to life. (See Def. Mot. at 1; Gov't Resp. at 2.) The state court judge ordered that Mr. Porter serve the sentence in federal custody so that he would also receive credit on his federal sentence. (See Def. Mot. at 1; Def. Mot. Exs. B and C.)

On September 2, 1999, upon Mr. Porter's unopposed motion, Judge Mukasey entered an Order finding that the "[d]efendant was sentenced in a related state case to a term of imprisonment of 240 months to run concurrent with this Court's June 23, 1999 sentence to a total term of imprisonment of 480 months, to be served in federal custody so that he would receive credit on his federal sentence," and therefore ordered the U.S. Marshals Service to return Mr. Porter to federal custody. (Def. Mot. at 1-2; Def. Mot. Ex. C; Gov't Resp. at 2.)

Mr. Porter was transferred back to state custody on May 18, 2000, where he remained until completing his state prison sentence on June 26, 2018. (See Def. Mot. at 2.) He was transferred back to federal custody on or around August 14, 2018, to complete his 480-month sentence. (See id.) On October 24, 2019, the Federal Bureau of Prisons ("BOP") wrote a letter to this Court inquiring about the status of Mr. Porter's federal sentence and if it was meant to run concurrently or consecutively. (See Def. Mot. Ex. D; Gov't Resp. at 2.) In the letter, the BOP indicated that the

4

Judgement was "silent" regarding the nature of the sentence as consecutive or concurrent. (Def. Mot. Ex. D; Gov't Resp. at 2.)

## II. Applicable Law

The BOP has the exclusive authority to "designate the place of the prisoner's imprisonment" and is permitted to "designate any available penal or correctional facility . . . maintained by the Federal Government or otherwise." 18 U.S.C. § 3621(b). The BOP may also designate a "defendant's state prison as a place of federal confinement" for the purposes of serving "federal and state sentences concurrently rather than consecutively." McCarthy v. Doe, 146 F.3d 118, 122–23 (2d Cir. 1998). This includes the authority to make nunc pro tunc designations for facilities retroactively to apply concurrent sentences. Id. at 123; see also United States v. Fernandez, No. 06-CR-484, 2023 WL 8006268, at *3 (S.D.N.Y. Nov. 16, 2023).

Importantly, there is a presumption under 18 U.S.C § 3584 that multiple prison terms imposed at different times are to run consecutively. However, there are exceptions when the "federal court imposes a sentence on a defendant who is not already subject to a state sentence" at the time. See Jobe v. Fed. Bureau of Prisons, No. 14-CV-701, 2015 WL 4038490, at *4 (S.D.N.Y. June 5, 2015). In such cases, the presumption does not apply.

A judge's recommendation for concurrent sentencing is not binding, and ultimate authority rests with the BOP. See McCarthy,

5

146 F.3d at 120-21.  The BOP will make this designation "only when it is consistent with the intent of the federal sentencing court or the goals of the criminal justice system."  BOP Program Statement No. 5160.05, Designation of State Institution for Service of Federal Sentence 4 (Jan. 16, 2003).  However, BOP policy is also "to ascertain the position of the sentencing judge in its determination," as it has here.  United States v. Alvarez, No. 09-CR-386, 2015 WL 1851658, at *3 (S.D.N.Y. Apr. 17, 2015).

## III. Discussion

In the instant case, Judge Mukasey did not initially rule on whether Mr. Porter would serve his federal sentence concurrently or consecutively with his yet-to-be imposed state sentence.  However, Judge Mukasey's subsequent order clarified that his intent was for the federal sentence to run concurrently with the "related state case" sentence.  (Def. Mot. Ex. C.)  This is in line with the state sentencing court's order, which, though not binding, likewise recommended that both the state and federal sentences run concurrently.  (See Def. Mot. at 2); see also Fernandez, 2023 WL 8006268, at *4 (finding that the state judge's recommendation "does not bind this Court or the BOP").

The Government does not dispute the intent of Judge Mukasey's order or the outcome of Mr. Porter's Motion.  Mr. Porter's unopposed Motion argues that, while the original judgment "did not explicitly indicate" that the sentences were to run concurrently,

6

Judge Mukasey's subsequent order describes the "related" state sentence and its concurrent run with the federal sentence as reason to return Mr. Porter to federal custody. (Def. Mot. at 2; Def. Mot. Ex. C.) The Government agrees that Judge Mukasey's order is supported by enough evidence to make "it is reasonable to infer that Judge Mukasey was deferring to the second-in-time sentencing judge[] to determine whether the sentence should be imposed concurrently or consecutively with the federal sentence," (Gov't Resp. at 3), and that state judge then determined that the sentences should run concurrently (see Def. Mot. at 1; Def. Mot. Exs. B and C).

When making a recommendation to the BOP, this Court looks to the factors set out in 18 U.S.C. § 3553(a) to determine whether the nunc pro tunc designation of a defendant's facility is in line with "the goals of the criminal justice system." Fernandez, 2023 WL 8006268, at *5. These factors include the "nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence imposed" including subfactors such as punishment, general deterrence and specific deterrence; the kinds of sentences and sentence ranges available; policy statements from the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants;" and the need for restitution. 18 U.S.C. § 3553(a).

When viewing Mr. Porter's prior offenses, they are indeed among the most serious. There is no doubt that murder, narcotics distribution, robbery, and other violent racketeering crimes are grave offenses. There is likewise no doubt of the need to punish Mr. Porter for these crimes and deter others from committing similar offenses. Yet there is also little question that Mr. Porter's 40-year federal sentence fulfills that objective. As of the date of this Order, Mr. Porter has been incarcerated for 26 years and will remain incarcerated until at least 2039 under the federal sentence alone. Given the length of this sentence, the Court does not anticipate any sentencing disparity if this federal sentence were to run concurrently with the state sentence.

Furthermore, this Court must consider the available sentences to be imposed on Mr. Porter. Here, the parties agree that the intent of the federal sentencing judge was to impose a concurrent sentencing scheme, rather than consecutive terms. Importantly, the BOP does not maintain its usual presumption of consecutive terms where, as here, Mr. Porter was not under a state sentence at the time of his federal sentencing. See Jobe, 2015 WL 4038490, at *4. Especially when considering the alternative—a consecutive sentence with no support from the federal or state sentencing judge, either party in this case, or BOP policy—the only outcome that would fulfill the goals of the criminal justice system is a concurrent sentence.

### IV. Conclusion

For the reasons stated above, Mr. Porter's request for his federal sentence to be served concurrently with his related state sentence is GRANTED. This Court hereby recommends to the BOP that Mr. Porter's federal sentence be retroactively designated as concurrent with his state sentence and that the BOP designate Mr. Porter's state facility nunc pro tunc as a federal facility for the purpose of serving his sentences. The Clerk of the Court is respectfully directed to close docket numbers 790 and 791.

**SO ORDERED.**

Dated:   May 28, 2025
         New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge